UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CARMINE GULLI, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:24-CV-398 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| LINDSI LEAVITT, HAMILTON ) | Magistrate Judge Christopher H. Steger |
| COUNTY SCHOOL DISTRICT, and ) | |
| YOLANDA MITCHELL, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Before the Court is a motion by Defendant Hamilton County Board of Education ("HCBOE") (referred to in the complaint as "Hamilton County School District") to dismiss the complaint of Plaintiff, Carmine Gulli ("Gulli" or "Plaintiff"), for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. (Doc. 6.) Plaintiff, who is representing himself,[1] has not responded in opposition to the motion to dismiss, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a)(2). For the reasons set out below, the Court will **GRANT** the motion to dismiss (Doc. 6).

### I. **BACKGROUND**[2]

Plaintiff filed this action against Lindsi Leavitt, the Hamilton County School District, and Yolanda Mitchell seeking the following:

---

[1] Filings by litigants representing themselves are not held to the same standard as filings by attorneys. *See Simmons v. United States*, 142 S. Ct. 23, 24 (2021). However, litigants who are representing themselves must still comply with the applicable rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

[2] Unless otherwise stated, this summary of the facts accepts all the factual allegations in Plaintiff's complaint as true. *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

> Immediate release of ALL minor children[']s health records. Orders for damages of 5 million dollars from Hamilton County [S]chool [D]istrict for denying FERPA ["Family Educational Rights and Privacy Act"] rights to Plaintiff. Attorneys Yolanda Mitchell [and] Scott Bennett (HCSD) be reported to [the] Office of Attorney Regulation for proper fines [and] punishment. Immediate DAILY health status [i]nstated from Village Behavioral Health to Plaintiff.

(Doc. 1.) As the basis for his claim, Plaintiff asserts Deprivation of Rights Under Color of Law pursuant to 18 U.S.C. § 242. In response, Defendant HCBOE filed a motion to dismiss (Doc. 6) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and a memorandum in support (Doc. 7). Plaintiff did not respond to the motion to dismiss.

## II. STANDARD OF REVIEW

Defendant HCBOE moves to dismiss based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6.)

### A. Rule 12(b)(1)

When a defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). A Rule 12(b)(1) motion may present either a facial attack, which questions the sufficiency of the pleadings, or a factual attack, which challenges the factual existence of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### B. Rule 12(b)(6)

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court

2

is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III. DISCUSSION

The Court will first address Defendant's argument that the Court does not have subject-matter jurisdiction over claims brought under 18 U.S.C. § 242. The Court will next address Defendant's argument that FERPA does not provide a personal cause of action.

### A. Subject-Matter Jurisdiction

Plaintiff relies on 18 U.S.C. § 242, a criminal statute regarding the deprivation of rights under the color of law. Defendant argues a criminal statute cannot form the basis of Plaintiff's claim in a civil lawsuit. (Doc. 7 at 4.)

3

Original jurisdiction is granted to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[Plaintiff's] asserted bases for federal question jurisdiction include[s] 18 U.S.C. § 242 . . . , which [is a] criminal statute[] that do[es] not confer jurisdiction in this civil lawsuit." *See Hall v. Davis*, No. 23-3307, 2023 WL 11051385, at *2 (6th Cir. Nov. 17, 2023) (citing *Booth v. Henson*, 290 F. App'x 919, 920–21 6th Cir. 2008). To invoke federal question jurisdiction in the district court, a Plaintiff must assert a civil claim.

Criminal claims brought in district courts are subject to dismissal. "Under Rule 12(b)(1), a challenge to the sufficiency of the pleadings is a 'facial attack' on the existence of subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction exists." *Hall*, 2023 WL 11051385, at *2 (citing *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Because Plaintiff cannot establish subject-matter jurisdiction based upon 18 U.S.C. § 242, a criminal statute, the Court will **DISMISS** the claim.

B.   **The Family Rights and Privacy Act**

Plaintiff also alleges a violation of his rights under FERPA. Defendant argues FERPA does not provide a personal cause of action. (Doc. 7 at 2–4).

FERPA prevents the disclosure of educational records to a third party without prior consent. 20 U.S.C. § 1232g. Upon suspected violation of FERPA, "[a] parent or eligible student may file a written complaint with the Office [of the Secretary in the Department of Education] . . . ." 34 C.F.R. § 99.63. Those whose FERPA rights have been violated are not entitled to judicial relief. Instead, violations of FERPA are resolved through enforcement by the Office of the Secretary of the Department of Education only after a written complaint is filed. 34

C.F.R. § 98.7.  The Secretary will enforce violations by terminating funding, refusing access, and imposing penalties against the offending agency for noncompliance.  34 C.F.R. § 99.67.

Defendant has filed its motion to dismiss arguing Plaintiff has failed to state a claim upon which relief can be granted, based on Fed. R. Civ. P. 12(b)(6).  (Doc. 6.)  To prevent dismissal pursuant to Rule 12(b)(6), Plaintiff's complaint must "state a claim to relief that is plausible on its face."  *See Twombly*, 550 U.S. at 570.  However, FERPA violations, which do not provide a basis for judicial relief, are not plausible claims for which relief can be granted and are therefore subject to dismissal.  Consequently, the Court will **DISMISS** the FERPA claim for Plaintiff's failure to assert a plausible claim.

### IV.    CONCLUSION

Defendant's motion to dismiss (Doc. 6) will be **GRANTED**.  The Court will **DISMISS** Plaintiff's claims against Defendant HCBOE.


**An appropriate order will enter.**

/s/_____
CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE